# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

**LATERRA WOODS,**
**on behalf of herself and all**
**others similarly situated,**
       Plaintiff,

    v.                                      Case No. 22-cv-412

**NEW PERSPECTIVE**
**SENIOR LIVING, LLC,**

       Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Laterra Woods, on behalf of herself and all other similarly situated current and former employees who work or have worked as Caregivers for Defendant New Perspective Senior Living, LLC (hereinafter "New Perspective"). At times since April 1, 2022, Plaintiff Laterra Woods and the putative collective and class members have been employed as Caregivers by New Perspective in the State of Wisconsin and the State of Minnesota. During their respective employments at New Perspective, Plaintiff Laterra Woods, and the putative collective and class members suffered identical wage losses under New Perspective's illegal pay policies and practices in violation of the Fair Labor Standards Act of 1938 and Wisconsin law.

2. Plaintiff Laterra Woods brings this action on behalf of herself and other similarly situated current and former Caregivers as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid wages, back pay, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

3. Plaintiff Laterra Woods also brings this action on behalf of other similarly situated current and former employees as a class action pursuant to Fed. R. Civ. P. 23 for purposes of obtaining relief under Wisconsin's wage and hour laws for unpaid wages, civil penalties, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents federal questions brought under the FLSA.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the Wisconsin law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of

the events giving rise to the claims occurred within the District and New Perspective has substantial and systematic contacts in this District.

## PARTIES

7. Defendant New Perspective is a Wisconsin Limited Liability Company with a principal place of business located in Minnetonka, Minnesota. New Perspective's registered agent for service of process in the State of Wisconsin is C T Corporation System located in Madison, Wisconsin.

8. Plaintiff Laterra Woods is an adult resident of Waukesha County in the State of Wisconsin. Plaintiff Woods' Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint. Plaintiff Woods worked as a Caregiver for New Perspective from in or around October 2021 through January 2022.

9. Plaintiff Woods brings this action on behalf of herself and all other similarly situated employees in the FLSA Caregiver Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Caregiver Class** is defined as follows:

> All persons who work or worked for New Perspective as a Caregiver at any time since April 1, 2019.

10. Plaintiff Woods brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Caregiver Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Caregiver Class** is defined as follows:

> All persons who work or worked for New Perspective as a Caregiver at any time since April 1, 2020.

11. The FLSA Caregiver Class and the Wisconsin Caregiver Class will be referred to collectively hereinafter as the "Caregiver Classes."

## GENERAL ALLEGATIONS

12. New Perspective owns and operates assisted living facilities in the state of Wisconsin under common ownership and control and operated for a common business purpose.

13. New Perspective comingles funds and assets in the course of their day-to-day operations amongst its assisted living facilities.

14. Plaintiff and the FLSA Caregiver Class work, or have worked, for New Perspective as Caregivers since April 1, 2019.

15. Plaintiff Woods and the Wisconsin Caregiver Class work, or have worked, for New Perspective as Caregivers since April 1, 2020.

16. While working as Caregivers for New Perspective since April 1, 2019, Plaintiff Woods and the Caregiver Classes' primary job duties have included, but are not limited to, providing care-taking services for New Perspective senior clients in their assisted living facilities.

17. Since April 1, 2019, Plaintiff Woods and the Caregiver Classes have provided caregiving services to New Perspective's clients.

18. Since April 1, 2019, New Perspective agreed to pay Plaintiff Woods and the Caregiver Classes at an hourly rate for all hours worked.

19. Since April 1, 2019, New Perspective has utilized a timekeeping system whereby Plaintiff Woods and the Caregiver Classes punch in and out of the timekeeping system to record their hours worked.

20. Since April 1, 2019, New Perspective has had a uniform policy requiring Plaintiff Woods and members of the Caregiver Classes to punch out of New Perspective's timekeeping system for unpaid breaks, including meal breaks, during their shifts.

21. Since April 1, 2019, New Perspective has had a uniform policy or practice of adding an unpaid break to the timekeeping system for Plaintiff Woods and members of the Caregiver Classes when they did not punch out for an unpaid break, regardless of whether they took such a break.

22. Since April 1, 2019, New Perspective has suffered or permitted Plaintiff Woods and members of the Caregiver Classes to work without compensation as a result of New Perspectives uniform policy or practice of adding an unpaid break to the timekeeping system when they did not punch out for an unpaid break, regardless of whether they took such a break.

23. In workweeks since April 1, 2019, Plaintiff Woods worked more than forty hours.

24. During workweeks in which Plaintiff Woods worked more than forty hours since April 1, 2019, New Perspective added an unpaid break to Plaintiff Woods' time when Plaintiff Woods did not take such a break, resulting in New

Perspective failing to pay Plaintiff Woods for overtime compensation for the time worked during the added unpaid break.

25. Since April 1, 2019, pursuant to the policies and practices of New Perspective, Plaintiff Woods and members and the Caregiver Classes were denied uninterrupted, unpaid meal breaks of at least thirty minutes in length.

26. As a result of the foregoing conduct, New Perspective has failed to pay Plaintiff Woods and the Caregiver Classes for all hours worked, since April 1, 2019, in violation of the FLSA and Wisconsin law.

27. New Perspective's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith and has caused significant damages to Plaintiff Woods, the Wisconsin Caregiver Class, and the FLSA Caregiver Class.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

28. Plaintiff Woods and the FLSA Caregiver Class that she brings this action on behalf of are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to New Perspective's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked at the agreed upon rate. The claims of Plaintiff Woods stated herein are the same as those of the FLSA Caregiver Class she seeks to represent.

29. Plaintiff Woods and the FLSA Caregiver Class seek relief on a collective basis and challenge New Perspective's policies and practices which lead and have led to FLSA wage violations.

30. As a result of the above-alleged uniform pay practices, New Perspective has failed to pay Plaintiff Woods and the FLSA Caregiver Worker Class the required wages for all hours worked.

31. The FLSA 216(b) FLSA Caregiver Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, last known phone numbers, social security numbers, last known email addresses, and last known mailing addresses are readily available from New Perspective. Notice can be provided to the FLSA Caregiver Class via first class mail to the last address known to New Perspective and through posting at New Perspective's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

32. Plaintiff Woods brings her Wisconsin state law claims, pursuant to the Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Caregiver Class for violations occurring on or after April 1, 2020.

33. The members of the Wisconsin Caregiver Class are readily ascertainable. The number and identity of the members of the Wisconsin Caregiver Class are determinable from the records of New Perspective.

34. The members of the proposed Wisconsin Caregiver are so numerous that joinder of all members is impracticable and, more importantly, the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown and the facts on which the calculation of that number are presently within the sole control of New Perspective, upon information and belief, there at least one hundred members in the Wisconsin Caregiver Class.

35. Plaintiff Woods' claims are typical of those claims which could be alleged by any member of the Wisconsin Caregiver Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Caregiver Class in separate actions. The alleged claims arise out of the same corporate practices of New Perspective and New Perspective benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff Woods and other members of the Wisconsin Caregiver Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

36. Plaintiff Woods is able to fairly and adequately protect the interests of the Wisconsin Caregiver Class and has no interests antagonistic to the Wisconsin Caregiver Class.

37. There are questions of fact and law common to the Wisconsin Caregiver Class that predominate over any questions affecting only individual members, including, but not limited to:

a) Whether New Perspective's policy violated Wisconsin's wage laws;

b) Whether New Perspective failed to pay the Wisconsin Caregiver Class for all work New Perspective suffered or permitted the Wisconsin Caregiver Class to perform;

c) Whether New Perspective added unpaid breaks to the Wisconsin Caregiver Classes' time records when they did not actually take such an unpaid break in violation of Wisconsin law;

d) Whether New Perspective maintained an accurate record of the start and end time of unpaid breaks as required by Wisconsin law; and

e) The nature and extent of class wide injure and the measure of damages for the injury.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

39. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938 as Amended**

40. Plaintiff Woods, on behalf of herself and the FLSA Caregiver Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

41. Since April 1, 2019, Plaintiff Woods and the FLSA Caregiver Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.* at all times while working for New Perspective.

42. Since April 1, 2019, New Perspective has been an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

43. Since April 1, 2019, Plaintiff Woods and the FLSA Caregiver Class have been employees within the meaning of 29 U.S.C. §203(e).

44. Since April 1, 2019, New Perspective has been and/or is an employer of Plaintiff Woods and the FLSA Caregiver Class as provided under 29 U.S.C. §203(d).

45. Since April 1, 2019, New Perspective violated the FLSA by failing to account for and compensate Plaintiff Woods and the FLSA Caregiver Class for all hours worked.

46. Plaintiff Woods and the FLSA Caregiver Class are entitled to damages equal to the mandated minimum wage within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because New Perspective acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

47. New Perspective's failure to properly compensate Plaintiff Woods and the FLSA Caregiver Class was willfully perpetrated and entitles Plaintiff Woods and the FLSA Caregiver Class to an extended three-year statute of limitations pursuant to 29 U.S.C. § 255(a).

48. New Perspective's failure to properly compensate Plaintiff Woods and the FLSA Caregiver Class was in bad faith and entitles Plaintiff Woods and the FLSA Caregiver Class to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage described above pursuant to 29 U.S.C. § 216(b).

49. Alternatively, should the Court find that New Perspective did not act in bad faith in failing to pay wages for hours worked, Plaintiff Woods and the FLSA Caregiver Class are entitled to an award of pre-judgment interest at the applicable legal rate.

50. Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Woods and the FLSA Caregiver Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid wages and illegal deductions.

**SECOND CLAIM FOR RELIEF**
**Violation of Wisconsin Law –**
**Unpaid Overtime and Agreed Upon Wages**

51. Plaintiff Woods, on behalf of herself and members of the Wisconsin Caregiver Class, re-alleges and incorporates by reference all previous paragraphs as if they were set forth herein.

52. Since April 1, 2020, Plaintiff Woods and members of the Wisconsin Caregiver Class were employees within the meaning of Wis. Stat. §§ 109.01 et seq.

53. Since April 1, 2020, Plaintiff Woods and the members of the Wisconsin Caregiver Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

54. Since April 1, 2020, Plaintiff Woods and the members of the Wisconsin Caregiver Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

55. Since April 1, 2020, Plaintiff Woods and the members of the Wisconsin Caregiver Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

56. Since April 1, 2020, Plaintiff Woods and the members of the Wisconsin Caregiver Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

57. Since April 1, 2020, New Perspective was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

58. Since April 1, 2020, New Perspective was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

59. Since April 1, 2020, New Perspective was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

60. Since April 1, 2020, New Perspective was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

61. Since April 1, 2020, New Perspective was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

62. Since April 1, 2020, New Perspective has employed, and/or continues to employ, Plaintiff Woods and the members of the Wisconsin Caregiver Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

63. Since April 1, 2020, New Perspective has employed, and/or continues to employ, Plaintiff Woods and the members of the Wisconsin Caregiver Class as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

64. Since April 1, 2020, New Perspective has employed, and/or continues to employ, Plaintiff Woods and the members of the Wisconsin Caregiver Class as within the meaning of Wis. Stat. §§ 104.01 *et seq.*

65. Since April 1, 2020, New Perspective has employed, and/or continues to employ, Plaintiff Woods and the members of the Wisconsin Caregiver Class as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

66. Since April 1, 2020, New Perspective has employed, and/or continues to employ, Plaintiff Woods and the members of the Wisconsin Caregiver Worker Class as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

67. Since April 1, 2020, New Perspective has had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules

which willfully, dilatorily, and unjustly fail to properly pay Plaintiff Woods and the members of the Wisconsin Caregiver Class the proper wage rate for all hours worked in excess of forty in a workweek.

68. Wis. Stat. §109.03 requires payment of all wages earned by the employee, at the latest, to a day not more than 31 days prior to the date of payment.

69. The foregoing conduct, as alleged above, constitutes continuing willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of wages for all hours worked.

70. As set forth above, Plaintiff Woods and members of the Wisconsin Caregiver Class have sustained losses in their compensation as a proximate result of New Perspective's violations. Accordingly, Plaintiff Woods, on behalf of herself and the Wisconsin Caregiver Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring New Perspective to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

71. Under Wis. Stat. § 109.11, Plaintiff Woods and the Wisconsin Caregiver Class are entitled to civil penalties equal and up to fifty percent (50%) of the unpaid wages.

72. Plaintiff Woods, on behalf of herself and the Wisconsin Caregiver Class, seeks recovery of attorneys' fees and the costs of this action to be paid by New Perspective, pursuant to Wis. Stat. § 109.03(6).

# REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Woods, on her own behalf and on the behalf of all members of the FLSA Caregiver Class and the Wisconsin Caregiver Class request the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the FLSA Caregiver Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Caregiver Class;

c) An order designating Plaintiff Woods as the representative of the Wisconsin Caregiver Class set forth herein;

d) At the earliest time possible, an order designating Hawks Quindel, S.C. as Class Counsel for the Wisconsin Caregiver Class;

e) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring New Perspective's actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

g) An order finding that New Perspective violated the FLSA's and Wisconsin wage and hour law's provisions;

h) An order finding that these violations were willful;

i) Judgment against New Perspective in the amount equal to Plaintiff Woods, the FLSA Caregiver Class', and the Wisconsin Caregiver Class' unpaid wages at the applicable rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin law and the FLSA or, if the Court finds

Page 15 of 16

Case 2:22-cv-00412-LA    Filed 04/01/22    Page 15 of 16    Document 1

that liquidated damages and civil penalties are not appropriate in the matter, an award of pre-judgment and post-judgment interest;

k) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

l) Such further relief as the Court deems just and equitable.

Dated this 1st day of April 2022.

Respectfully submitted,

*s/Larry A. Johnson*
Larry A. Johnson, SBN 1056619
Summer Murshid, SBN 1075404
Timothy P. Maynard, SBN 1080953

Hawks Quindel, S.C.
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
       smurshid@hq-law.com
       tmaynard@hq-law.com

Attorneys for Plaintiff